**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

BEN DAVIS,

                    Plaintiff,

      v.

NURSE LISA, et al.,

SUPERINTENDENT HERNANDEZ, et al.,

KIMBERLY TURNER, et al.,

                  Defendants.

Case No. 3:23-cv-00205-JMK

Case No. 3:23-cv-00220-JMK

Case No. 3:23-cv-00247-JMK

## <u>ORDER OF DISMISSAL</u>

Pending before the Court are three cases filed by self-represented prisoner Ben Davis ("Plaintiff") as captioned above. On October 25, 2023, the Court notified Plaintiff that his filings in Case Nos. 3:23-cv-00205-JMK and 3:23-cv-00220-JMK were deficient because Plaintiff failed to include the filing fee or a completed application to waive prepayment of the filing fee in either case.[1] The Court accorded Plaintiff 30 days to cure the deficiencies.

Then, on November 3, 2023, the Court denied Plaintiff's application to proceed without prepaying the filing fee in Case No. 3:23-cv-00247-JMK because Plaintiff had previously accumulated more than the three "strikes"[2] permitted by

---

[1] Docket 3.

[2] The Prison Litigation Reform Act requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner who receives more than three actions or appeals in any federal court in the United States is prohibited from bringing any other actions without

the Prison Litigation Reform Act.[3]  The Court ordered Plaintiff to pay the civil filing fee within 30 days.[4]

In each of the above captioned cases, the Court has reviewed the filings and finds Plaintiff has not made a plausible allegation that he faced imminent danger of serious physical injury when he filed any of the above captioned cases.[5] Further, to date, Plaintiff has not responded to the Court's orders.

**IT IS THEREFORE ORDERED**:

1.      Each action is **DISMISSED** as deficient and for failure to comply with a Court order.

2.      Any pending motions are **DENIED as moot.**

3.      The Clerk shall issue a final judgment.

DATED this 5th day of December, 2023 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*

JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[3] *Davis v. Luper*, Case No. 3:20-cv-00141-SLG, Docket 4 (Order of Dismissal & Notice of Third Strike); *see also* prior dismissals and strikes in *Davis v. State of Alaska, et al*., Case Nos. 3:17-cv-00263-TMB, Dockets 8 & 9, and *Davis v. State of Alaska Public Defender Agency, et al.*, 3:18-cv-00157-SLG, Dockets 6, 7.  *See also Davis v. Jones,* Case No. 3:21-cv-00024-SLG (dismissing the case for failing to meet the imminent danger exception paying the full filing fee).

[4] Docket 5.

[5] 28 U.S.C. § 1915.  *See also Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

Case No. 3:23-cv-00205-JMK, *Davis v. Nurse Lisa, et al.*
Case No. 3:23-cv-00220-JMK, *Davis v. Superintendent Hernandez, et al.*
Case No. 3:23-cv-00247-JMK, *Davis v. Turner, et al.*
Order of Dismissal
Page 2 of 2